[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 97-1338

RENE J. NADEAU,

Plaintiff, Appellant,

v.

INTERNAL REVENUE SERVICE,
DEPARTMENT OF THE TREASURY,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge]



Before

Selya, Boudin and Stahl,
Circuit Judges.



Rene J. Nadeau on brief pro se.
Donald  K.  Stern, United States Attorney, Loretta  C.  Argrett,
Assistant Attorney General, Teresa E. McLaughlin, Tax Division,
Department of Justice, and Robert W. Metzler, Tax Division, Department
of Justice, on brief for appellee.



July 29, 1997


Per  Curiam. Upon careful review, it appears that the

facts and legal arguments are adequately presented in the

briefs and record and that our decision would not be

significantly aided by oral argument. Accordingly, we deny

appellant's request for oral argument. See 1st Cir. Loc. R.

34.1.

We conclude that summary judgment was properly entered for

the IRS with respect to plaintiff's claim under the Freedom of

Information Act. Jurisdiction to grant relief under 5 U.S.C.

S 552(a)(4)(B) exists only if there is "a showing that an

agency has (1) 'improperly' (2) 'withheld' (3) 'agency

records.'" United  States  Department  of  Justice v. Tax

Analysts, 492 U.S. 136, 142 (1989). Here, in moving for

summary judgment, the IRS presented affidavits establishing

that there were no additional documents to be disclosed; in

response, plaintiff relied on only conclusory statements and

unsupported speculation. In those circumstances, there was no

"genuine issue as to any material fact and . . . the moving

party [was] entitled to a judgment as a matter of law." See

Fed. R. Civ. P. 56(c); Medina-Munoz v. R.J.  Reynolds  Tobacco

Co., 896 F.2d 5, 8 (1st Cir. 1990).

The Anti-Injunction Act, 26 U.S.C. S 7421(a), bars

plaintiff's claim for injunction against tax collection.

Neither the statutory nor the judicial exceptions to that Act

-2-

have any application here. See Enochs v. Williams  Packing  &

Navigation Co., 370 U.S. 1, 7 (1962).

Plaintiff has not briefed appellate arguments regarding

his claims for a refund of amounts already collected and for

damages, and those claims do not merit further discussion here.

We also deny plaintiff's requests for orders "stopping"

the levy and refunding amounts already collected and for

reconsideration of the denial of a temporary injunction pending

appeal.

Affirmed. See 1st Cir. Loc. R. 27.1.

-3-